UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARTIN,

        Plaintiff,

v.

        Case No. 08-13680
        Honorable Julian Abele Cook, Jr.

HURON VALLEY AMBULANCE,

        Defendant,

## ORDER

In this case, the Plaintiff, Michael Martin, has accused his former employer and now the Defendant, Huron Valley Ambulance, of violating his civil rights, all of which are protected by the Age Discrimination in Employment Act, 29 U.S.C. § 626(f).

On April 7, 2009, the Defendant filed a motion for the entry of a summary judgment pursuant to Fed. R. Civ. P. 56(c)[1] as well for an award of costs and attorney's fees. Noting that (1) Martin did not file a response for nearly two months thereafter and (2) he failed to seek and obtain leave to file a tardy pleading,[2] the Court will neither examine nor consider the merit, if any, of his

---

[1] Fed. R. Civ. P. 56(c) states, in part, that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

[2] The Local Rules of this District provide that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(d)(1)(B).

responsive pleading when the Defendant's dispositive motion is evaluated.

I.

From January 1998 until September 2007, Martin was employed as a driver by the Defendant, a non-profit emergency ambulance company in Michigan. On September 23, 1997, he submitted a signed application for employment to the Defendant, which contained an internal grievance procedure for any job-related "dispute arising out [of] or in connection" with any aspect of employment or termination. This employment application also noted that any decisions arising out of the internal grievance procedure would be made by an internal review board which, in turn, would become binding upon the employer and the employee.

On January 5, 1998, Martin, in accepting his employment opportunity with the Defendant, was given a copy of a staff handbook that had been placed on his employer's website. Martin also signed a form wherein he formally acknowledged his responsibility to periodically review the staff handbook on the web site for any updated information relating to the employer's policies.

Beginning during the fall months of 2004, he was disciplined on several occasions, all of which led to the eventual termination of his employment with the Defendant. On each instance, he was warned in person or by means of a memorandum that any further deviation from his employer's policies and practices would lead to further disciplinary action. For instance, he was suspended on November 8, 2004 for leaving the following voice mail message: "Got on the air early to help you out and then I get a page that A132 refused to do the call. That's f**cking bulls**t mister." Approximately two and one half years later (March 8, 2007), Martin was disciplined for leaving his shift without authorization. Three months thereafter (June 5, 2007), he was reprimanded by a supervisor for not taking the shortest route to an emergency call. When

another supervisor attempted to address the violation of another directive on June 7th, Martin became extremely upset, expressed his discontent with words of profanity, and was placed on probation for a period of ninety days.  In a June 10th evaluation report, Martin received unsatisfactory ratings in multiple categories along with a now often repeated warning that his behavior could result in additional disciplinary action.

Martin's disciplinary problems continued through the month of July of 2007. On July 5th, he was told that his driving speed during emergency calls had been excessive.  On the final day of the month, Martin was disciplined once again for refusing to respond to a call when he told his supervisor, "this is f**king bulls**t."  He was suspended for three days, and his probationary period was extended for another ninety days.

On September 19th, Martin refused to answer some of the emergency calls that had been transmitted to him by dispatch via radio, pager, and wireless device.  Following this incident, he was suspended by the Defendant and subjected to an investigation into his future as an employee. Thereafter, the Defendant determined that Martin's employment should be terminated.

During a meeting on September 24, 2007, Martin was given the option of resigning or exercising his rights under the Defendant's established termination procedures.[3] He was also given a proposed letter of resignation and a severance agreement by his employer's vice president which, if signed, would (1) provide him with compensation for "paid time off" and (2) release and discharge the Defendant from "any and all causes of action."

---

[3]According to the employment staff handbook, all employees are eligible to receive compensation for "paid time off" upon resignation.  However, if employment services are terminated "for performance or behavioral reasons," the affected employee is not eligible to receive any "paid time off" compensation.

According to the Defendant, Martin accepted its proffer and thereafter signed the proposed letter of resignation and severance agreement, both of which were to become effective immediately upon the expiration of a seven day revocation period. The Defendant also submits that, although Martin did not read the severance agreement during the meeting, its terms were thoroughly discussed with him. Martin acknowledges that he never attempted to revoke the agreement within the seven revocation period even though it had been shown to his attorney who had implicitly or explicitly approved its content. One week later, Martin was tendered his "paid time off" compensation by the Defendant.

II.

The purpose of a summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Citrate*, 477 U.S. 317, 322-24 (1986). When deciding a motion for summary judgment, a court must consider any pleadings and discovery material in a light that is most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991). Therefore, the moving party has the responsibility of demonstrating the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323.

A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Evidence, which "is merely colorable, or is not significantly probative," is not sufficient to rebut summary judgment. *Id.* at 249-50. Thus, the entry of a summary judgment is appropriate if (1) the proffered evidence in support of a motion is so overwhelming that the proponent must prevail as a matter of law or (2) the opponent fails to rebut the motion with evidence which

establishes the existence of a material fact that is of consequence to the case. *Id.* at 252; *Celotex*, 477 U.S. at 322.

### III.

Initially, the Defendant argues that the Court need not address the merits of Martin's claim of age discrimination because he (1) has failed to exhaust his contractual remedies and (2) knowingly and voluntarily waived any claims under the Age Discrimination in Employment Act.

In 1991, the Supreme Court held that unless there is legislation which prohibits an employee from waiving the rights and privileges of a judicial forum, a court should fully enforce the parties' agreement to resolve their disputes in a non-judicial forum. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 29 (1991) ("Congress . . . did not explicitly preclude arbitration or other non-judicial resolution of claims, even in the recent amendments to the [Age Discrimination in Employment Act]"); *see also Seawright v. American General Financial Services*, 507 F.3d 967, 975-76 (6th Cir. 2007) (employee knowingly and voluntarily waived right to judicial forum with respect to claims under Family and Medical Leave Act, 29 U.S.C. § 2601); *Willis v. Dean Witter Reynolds*, 948 F.2d 305, 308 (6th Cir. 1991) (Title VII does not preclude waiver of judicial forum).

Here, the employment application that had been signed by Martin contained the following clause:

> Any dispute arising out of or in connection with any aspect of my employment by the Company, or termination thereof, including by way of example but not limitation, *disputes concerning alleged civil rights violations, breach of contract or tort, shall be exclusively subject to review by the Grievance Review Board.* Any decision of the Review Board shall be binding to both parties, and enforceable in circuit court.

(emphasis added). A clear reading of this executed employment application reveals that Martin agreed to waive the resolution of any claims - such as those now pending in the instant case - in a

judicial forum. Moreover, Martin admitted during his deposition that he failed to use the internal grievance procedure throughout his employment and after his termination. Therefore, Martin's complaint must be, and is, dismissed because of his failure to exhaust those administrative remedies in a manner as outlined in his employment application and staff handbook.

Moreover, the record in this cause supports the Defendant's argument that Martin knowingly and voluntarily signed a waiver of all claims under the Age Discrimination in Employment Act which specifically states that an employer may be released of all claims if an employee knowingly and voluntarily signs a waiver of claims. 29 U.S.C. § 626(f). This statute provides, in relevant part, that a waiver is not knowing and voluntary unless,

> (A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;
> (B) the waiver specifically refers to rights or claims arising under [the Age Discrimination in Employment Act];
> (C) the individual does not waive rights or claims that may arise after the date the waiver is executed;
> (D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;
> (E) the individual is advised in writing to consult with an attorney prior to executing the agreement;
> (F) (i) the individual is given a period of at least 21 days within which to consider the agreement; . . .[and]
> (G) the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired[.]

*Id.* at § 626(f)(2).

The record in this case clearly suggests that Martin knowingly and voluntarily signed a waiver of his claims under the Age Discrimination in Employment Act. The severance agreement between the parties clearly stated in capital font that "I have been advised to consult with legal

counsel . . . prior to signing it." There is also evidence that Martin heeded this advice and contacted an attorney who reviewed and implicitly or explicitly approved the document. Although Martin neither took available twenty-one days with which to consider signing the severance agreement nor revoked the agreement within requisite seven day period, he was given the opportunity to exercise these statutory options by the Defendant.  Martin acknowledges that he signed the now-contested document but insists that it was not executed without duress. However, he has failed to present any evidence to support this contention.  Rather, the evidence in this record relating to this narrow issue consists of (1) the plain language within the severance agreement, (2) the affidavits by the Defendant's supervisors, and (3) the statements from Martin.  The severance agreement states in capital letters that the employee "will be allowed to consider [this document] for twenty-one (21) days, prior to signing it."  The Defendant's upper management personnel, both of whom were present during the meeting with Martin, stated in their respective affidavits that Martin was never told that he had to sign the agreement as a condition to receiving the "paid time off" compensation. Martin's own deposition tends to support the Defendant's rebuttal, in that he averred only his need to sign the severance agreement, but not necessarily on the day of the parties' meeting.

In its assessment of the evidence, the Court concludes that the evidence is so overwhelmingly in favor of the Defendant that a reasonable jury would not find that Martin was denied the requisite statutory period of time in which to evaluate the merits of the severance agreement.  Moreover, it is evident that the severance agreement, which Martin knowingly and voluntarily signed, was a valid waiver of all of his claims under the Age Discrimination in Employment Act.  Therefore, the Defendant's motion for summary judgment on this issue is granted.

IV.

Even assuming, *arguendo*, that Martin is entitled to pursue his claim in this Court, the Defendant maintains that it is entitled to a summary judgment because he can neither establish a prima facie case of age discrimination nor demonstrate that the presumptively non-discriminatory reason for the now-challenged termination was a pretext.

In order to establish a prima facie case of age discrimination, an aggrieved person must show that he (1) is a member of the protected category, (2) was subjected to an adverse employment action, (3) is qualified for the position, and (4) was replaced by someone outside of the protected class. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008) (citing *Minadeo v. ICI Paints*, 398 F.3d 751, 764 (6th Cir. 2005)).[4]

If the aggrieved employee establishes a prima facie case of age discrimination, the accused employer must then articulate a legitimate nondiscriminatory reason for the act of termination. *Id.* If this burden has been satisfied, the aggrieved employee must show that the accused employer's articulated reason was a pretext for discrimination. *Scuderi v. Monumental Life Ins.*, 344 F. Supp. 2d 584, 593 (E.D. Mich. 2004). To do so, the aggrieved employee must prove by a preponderance of the evidence that (1) the alleged reason for discrimination was false or (2) the true reason for the discharge was discriminatory. *Id.*

The Court concludes that the Defendant has met its burden of showing the absence of any genuine issue of a material fact with respect to Martin's prima facie claim of age discrimination.

---

[4] A plaintiff may also establish a claim of age discrimination through direct evidence, "which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). However, there is nothing in this record which suggests that Martin has proffered any direct evidence of age discrimination by the Defendant.

Under the above-cited rubric, the first two elements of a prima facie age discrimination claim (i.e., (1) Martin, as a forty year old male, is a member of a protected class, and (2) the termination of his employment is an adverse action) are undisputed.

Turning to the third element (i.e., whether Martin was qualified for the position), the Defendant has failed to show that there is no genuine issue of a material fact in this case. In pursuit of its dispositive motion, the Defendant argues that, *inter alia*, Martin's supervisors were greatly displeased with his work. However, the Sixth Circuit Court of Appeals has held that a court may not consider the employer's alleged nondiscriminatory reason for taking adverse action when assessing an aggrieved employee's prima facie case. *Wexler*, 317 F.3d at 574.

Nevertheless, Martin has failed to make a prima facie showing that he was replaced by someone outside of the protected class (i.e., a younger person). To the contrary, the evidence suggests that the Defendant was willing promote Martin after he became forty years of age. After being hired at age thirty-seven, he was promoted on several occasions at the ages of thirty-eight, forty-two, forty-four, and forty-five. Martin has not presented any evidence to suggest that he was replaced by a younger employee. Thus, in the opinion of this Court, he has not met the balance of the requirements with which to establish a prima facie case of age discrimination.

Moreover, even if Martin had been able to establish a prima facie case of age discrimination, the Court concludes that the Defendant would nonetheless be able to prevail on its dispositive motion because it has shown a legitimate nondiscriminatory reason for terminating this aggrieved former employee. Through its proofs, the Defendant has established that Martin was terminated for repeatedly violating its rules, practices and policies. In his deposition, Martin (1) acknowledges that he engaged in the several incidents of misconduct, and (2) does not dispute that

9

his supervisors were dissatisfied with his job performance. In his deposition, Martin maintains that his termination was a discriminatory age-based administrative decision by the Defendant. However, this allegation ignores the six times that he had been warned in writing by the Defendant that his job would be in jeopardy if his errant behavior did not change. Martin's conclusory allegations and subjective beliefs are insufficient to support an inference of age discrimination. *See McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) ("[M]ere conclusory allegations are not sufficient to withstand a motion for summary judgment."); *Chappel v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986) ("Mere personal beliefs, conjecture, and speculation are insufficient to support an inference of age discrimination."); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584-85 (6th Cir. 1992) (statements with "nothing more than rumors, conclusory allegations and subjective beliefs [] are wholly insufficient evidence to establish a claim of discrimination as a matter of law.").

Other than his own opinion, Martin has failed to offer any evidence to rebut the Defendant's legitimate nondiscriminatory reason for the termination of his employment. As a matter of law, Martin has failed to demonstrate that the basis for the Defendant's decision to terminate him was merely a pretext for discrimination. Therefore, the Defendant's motion for summary judgment is granted.

V.

In its motion for summary judgment, the Defendant also asks the Court to assess costs and attorney's fees against Martin. However, the Court notes that (1) the Defendant has failed to advance any authority (e.g., case law or rule of procedure) in support of its request and (2) nothing in the record evidences egregious conduct which would warrant such an award. Hence, the Court

declines to grant the Defendant's request for an award of costs and attorney's fees.

VI.

Therefore and for the reasons that have been stated above, the Defendant's motion for the entry of a summary judgment pursuant to Fed. R. Civ. P. 56(c) is granted and its request for attorney's fees and costs is denied.

IT IS SO ORDERED.

Dated: October 30, 2009          S/Julian Abele Cook, Jr.
       Detroit, Michigan         JULIAN ABELE COOK, JR.
                                 United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 30, 2009.

                                 s/ Kay Doaks
                                 Case Manager